IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN H. OLAY,<br>  Plaintiff,<br> v.<br>………………………………………….<br>HENRY M. HEARNE,<br>  Plaintiff,<br> v.<br>………………………………………….<br>PAUL L. PLYLER,<br>  Plaintiff,<br> v.<br>………………………………………….<br>WILLIAM F. LUNDER,<br>  Plaintiff,<br> v.<br>………………………………………….<br>LYNN A. RHODES,<br>  Plaintiff,<br> v.<br>………………………………………….<br>TERRY K. ROCKWELL,<br>  Plaintiff,<br> v.<br>………………………………………<br><br>MOTION CONTROL INDUSTRIES,<br>DIVISION OF CARLISLE CORPORATION,<br>RETIREMENT PLAN FOR BARGAINING<br>UNIT EMPLOYEES OF MOTION<br>CONTROL INDUSTRIES, DIVISION OF<br>CARLISLE CORPORATION,<br><br>  Defendants. | Civil Action No. 04-266  Erie<br><br><br><br>Civil Action No. 04-276  Erie<br><br><br><br>Civil Action No. 04-277  Erie<br><br><br><br>Civil Action No. 04-278  Erie<br><br><br><br>Civil Action No. 04-279  Erie<br><br><br><br>Civil Action No. 04-280  Erie<br><br><br>Judge Maurice B. Cohill, Jr. |

**PLAINTIFF'S BRIEF IN OPPOSITION TO**
**<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff respectfully submits this Brief in Opposition to Defendants' Motion for Summary Judgment.

## I. INTRODUCTION

On March 31, 2006, Plaintiff timely filed a Motion for Summary Judgment, a Brief in Support of Plaintiff's Motion for Summary Judgment, a Concise Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment, and two Affidavits in Support of Plaintiff's Motion for Summary Judgment.  On or about March 30, 2006, Defendants timely filed a Motion for Summary Judgment in the above-captioned action, requesting that the Court enter summary judgment on all claims asserted by Plaintiff.

Plaintiff submits the instant Brief In Opposition to the Defendants' Motion for Summary Judgment, and respectfully requests that this Honorable Court deny the same in its entirety.

## II. ARGUMENT

Defendants offer two arguments in support of their Motion for Summary Judgment. First, Defendants argue that Plaintiff failed to exhaust his administrative remedies under the terms of the Plan, and that Plaintiff's lawsuit should therefore be dismissed.  Second, assuming that Plaintiff's lawsuit is not dismissed for failure to exhaust administrative remedies, Defendants argue that the clear and unambiguous provisions of the Plan provide that Plaintiff is not entitled to a disability retirement benefit, and that Defendants are therefore entitled to summary judgment.

Plaintiff anticipated these arguments and addressed them at length in Plaintiff's Brief in Support of Plaintiff's Motion for Summary Judgment, which was filed on March 31, 2006. Plaintiff hereby incorporates his Brief in Support of his Motion for Summary Judgment by

reference as if set forth in full. Plaintiff would briefly supplement the arguments he has already set forth in response to certain points addressed by Defendants in Defendants' Brief in Support of Defendants' Motion for Summary Judgment.

With respect to Defendants' argument that Plaintiff failed to exhaust his administrative remedies, Defendants argue that Plaintiff "has not even attempted to present" his claim for disability retirement benefits to the Retirement Plan's pension Committee. Defendant's Brief in Support of Motion for Summary Judgment, page 8. With all due respect, this assertion is wholly unsupported by the undisputed record evidence.

As set forth in more detail in Plaintiff's Brief in Support of his Motion for Summary Judgment, Plaintiff attempted to obtain pension application forms on one or more occasions, and Motion Control refused to send him a form. Affidavit of Glenn Olay in Support of Plaintiff's Motion for Summary Judgment, ¶¶ 21-23; Affidavit of Robert A. Eberle, Esquire in Support of Plaintiff's Motion for Summary Judgment, ¶ 4. Later, Plaintiff's counsel exchanged several pieces of correspondence with Defendants' attorneys regarding Plaintiff's claim for disability retirement benefits. Plaintiff's Appendix to Concise Statement of Material Facts, Exhibits 5, 6 and 7. Attorney Eberle's letters made it plain beyond peradventure that Plaintiff wanted to apply for disability retirement benefits, described the resistance Plaintiff had encountered attempting to do so, and pointedly asked for direction as to the administrative process. It is simply inaccurate to say, as Defendants now do, that the Plaintiff made no attempt to present his claim for disability retirement benefits. It would be more accurate to say that Plaintiff took every step imaginable to apply for disability retirement benefits, but was stonewalled by Defendants at every turn.

Second, Defendants cite Judge Sean J. McLaughlin's decision in <u>Donachy, et al. v. Motion Control Industries, et al.</u>, Civil Action No. 04-245, 2005 WL 3488714 (W.D.Pa., December 21, 2005) in support of its argument that the futility exception to the exhaustion rule should not apply in this case. Although the lawyers and defendants in <u>Donachy</u> and the case *sub judice* are the same, the plaintiffs are different, the claims are different, and the facts underlying the claims are different. For example, the letters between Attorney Eberle and Attorney Perhacs discussing Plaintiff's claim are unique to this case and were not a part of the case in <u>Donachy</u>. Plaintiff's argument that they should not be required to exhaust their administrative remedies in this case because it is futile is largely predicated on those letters. In those letters, Attorney Eberle pointedly and repeatedly asks Defendants whether they will agree to waive the administrative requirement or, alternatively, explain the administrative process. Defendants refused to do either.

Obviously, these facts are unique to this case and form a large basis of Plaintiff's argument that it was futile for them to pursue their administrative remedies any longer prior to filing the instant lawsuit. In sum, <u>Donachy</u> is a different case, and the Court's decision in that case is not *res judicata* here.

**III.   CONCLUSION**

For all the reasons stated herein, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion for Summary Judgment in its entirety.

        Respectfully submitted,

        JUBELIRER, PASS & INTRIERI, P.C.

BY:      /s/ Jason Mettley
        Robert A. Eberle, Pa. I.D. #47359
        Jason Mettley, Pa. I.D. #81966
        219 Fort Pitt Boulevard
        Pittsburgh, PA 15222
        (412) 281-3850
        (412) 281-1985 (fax)
        rae@jpilaw.com
        jm@jpilaw.com